IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CYNTHIA TRUELOVE )<br>(aka CYNTHIA JOHNSON), )<br>)<br>      **Plaintiff,** )<br>)<br>v. )<br>)<br>RICKY E. JONES, )<br>)<br>      **Defendant.** )<br>) | Case No. 16-1093-JTM-GEB |

## REPORT AND RECOMMENDATION

Simultaneous with the filing of this order, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 7.) However, the authority to proceed without payment of fees is not without limitation. Under 28 U.S.C. § 1915(e)(2), sua sponte dismissal of the case is required if the court determines that the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit. After application of these standards, the undersigned Magistrate Judge issues the following report and recommendation of dismissal pursuant to 28 U.S.C. § 636(b)(1)(B).

### Background

Plaintiff files this action in an apparent attempt to enforce a residential lease and/or avoid or remedy her eviction. In her Civil Complaint, she failed to complete the

section entitled "Statement of Claim" and "Relief," so the exact nature of her allegations is unclear.  However, she attached a copy of a "Lease with Purchase Option" contract between Plaintiff[1] and defendant Ricky E. Jones, addressing the lease/purchase of a residence at 5121 S. Hemlock, Wichita, Kansas 67216, the address listed as Plaintiff's residence in her pleadings.  (Lease, ECF No. 1 at 7-11.)  Plaintiff also included a copy of a Three-Day Notice to Tenant, dated February 10, 2016, which informs her she must pay a sum of $1,350 for the rent and use of the premises in full, or relinquish possession of the home within three days. (ECF No. 1, at 17.)  In her Motion for Appointment of Counsel (ECF No. 4, at 3), Plaintiff states she seeks the Court's assistance to "[g]et Ricky Jones to sign over [the] deed to [the] house."

## Analysis

Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court shall dismiss the case at any time if the court determines the action fails to state a claim on which relief may be granted.  The sufficiency of the complaint is reviewed under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[2]  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court *must* dismiss the action."[3]  Because Plaintiff proceeds pro se, her pleadings must be liberally

---

[1] Daniel Johnson is also listed as a party to the Lease, but is not named as a party to this action. Plaintiff and Daniel Johnson appear to be divorced (Mot., ECF No. 3, at 3-1 (sealed document)).
[2] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).
[3] *King v. Huffman*, No. 10-4152-JAR, 2010 WL 5463061, at *1 (D. Kan. Dec. 29, 2010) (citing Fed. R. Civ. P. 12(h)(3) (emphasis added).

construed.[4]  However, Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[5] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[6] Plaintiff "must allege sufficient facts to state a claim which is plausible—rather than merely conceivable—on its face."[7]

As an initial consideration, it appears this Court lacks jurisdiction over Plaintiff's claims.  Because "federal courts are of limited jurisdiction, they must have a statutory basis for their jurisdiction.[8]  Plaintiff did not complete the Jurisdiction section of the Complaint form, aside from noting she is a citizen of the state of Kansas, and therefore provides no basis for federal question jurisdiction.  Based on the addresses provided in the Complaint, it appears both parties are Kansas citizens, making diversity jurisdiction unavailable.  Plaintiff provides no other basis for the exercise of jurisdiction over what appears to be a state law eviction and/or contract dispute.  Therefore, it is recommended that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Even if the issue of subject matter jurisdiction were not dispositive, Plaintiff offers no plausible claim for relief.  Plaintiff failed to provide any statement of her claim for

---

[4] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[5] *Id.*
[6] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[7] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[8] *See Perry v. Cowley County Cmty. Coll.*, No. 13-1425-JTM, 2013 WL 6804185, at *1 (D. Kan. Dec. 23, 2013) (discussing the two statutory bases for federal subject-matter jurisdiction:  federal jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332) (citing *Nicodemus v. Union Pac. Corp.,* 318 F.3d 1231, 1235 (10th Cir.2003)).

relief, and the documents attached to the Complaint demonstrate her claim is a dispute over an eviction and/or housing contract.  The federal court is not the proper forum for this state court claim.  A review of the Complaint confirms Plaintiff neither pleads "enough facts to state a claim to relief that is plausible on its face,"[9] nor presents a rational argument on the facts or law in support of her claim.[10]  It is therefore recommended that the Complaint be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Complaint be dismissed with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[11]

---

[9] *Fry v. Beezley*, 2010 WL 1371644, at *1 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Graham v. Sec'y of Health & Human Servs.,* 785 F.Supp. 145, 146 (citing *Dolence v. Flynn*, 628 F. 2d 1280, 1281 (10th Cir. 1980)).

[11] *Morales-Fernandez v. I.N.S*., 418 F.3d 1116, 1119 (10th Cir. 2005).

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 28th day of April 2016.

                                        s/ Gwynne E. Birzer
                                        GWYNNE E. BIRZER
                                        United States Magistrate Judge